IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| TABITHA MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 14-1096-JDT |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER GRANTING PLAINTIFF'S MOTION FOR AN AWARD OF FEES
AND EXPENSES UNDER THE EQUAL ACCESS TO JUSTICE ACT

The Plaintiff, Tabitha Moore, filed this action to obtain judicial review of the Defendant Commissioner's determination that she was not disabled. On October 17, 2014, the Court granted the Commissioner's unopposed motion for a remand pursuant to sentence four of 42 U.S.C. § 405(g); judgment was entered on October 21, 2014. (ECF Nos. 16 & 17.) Plaintiff has now filed a motion for an award of attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (ECF No. 18.)

Under the EAJA, the court shall "award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . , including proceedings for judicial review of agency action, brought by or against the United States . . . , unless the Court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). As Plaintiff obtained an order reversing

and remanding the Commissioner's decision pursuant to sentence four of 42 U.S.C. § 405(g), she qualifies as a prevailing party under the EAJA. The Commissioner has filed a response to the motion stating that she does not oppose the requested fee award (ECF No. 19), thus conceding that her position in this case was not substantially justified. The Court also concludes that there are no special circumstances that would make an award unjust. Consequently, Plaintiff is entitled to an award under the EAJA.

Plaintiff's attorney, John D. Hamilton, has submitted his affidavit and other documentation in support of the EAJA motion. (ECF Nos. 18-1, 18-3 & 18-4.) The Affidavit includes an itemized time statement documenting 20.70 hours of work in this case (ECF No. 18-1 at 1-2.) Plaintiff has requested an award of fees in the amount of $3,926.79. The EAJA provides that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). Plaintiff has requested an award at the rate of $189.70 per hour. The increase is based on the rise in the cost of living since the EAJA statutory rate was last increased.

The Court finds that Plaintiff's requested hourly rate and the number of hours expended in this case are reasonable. Therefore, the motion for attorney fees is GRANTED, and Plaintiff is awarded attorney fees under the EAJA in the amount of $3,926.79.

The motion for attorney fees includes a copies of Plaintiff's representation agreement and a limited power of attorney demonstrating that she has assigned the right to receive any EAJA fees to counsel. Once it is verified that Plaintiff owes no pre-existing debt to the

United States, *see Astrue v. Ratliff*, 560 U.S. 586 (2010) (holding that EAJA fees belong to the litigant rather than to the attorney and may be offset to satisfy the litigant's pre-existing debt to the Government), the Commissioner shall honor that fee assignment and pay the EAJA fee award to counsel.

IT IS SO ORDERED.

                                              s/ **James D. Todd**
                                              JAMES D. TODD
                                              UNITED STATES DISTRICT JUDGE